**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**CYNTHIA GILMORE,**

        Petitioner,

    v.                              **CIVIL ACTION NO. 5:22-CV-308**
                                                Judge Bailey

**WARDEN LOVETTE, H.L. RAY,
R. McCAFFREY, M.DZUBACK,**
Unite Manager, and **K. LAWSON,**
Case Manager,

        Respondents.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 19, 2022, the *pro se* petitioner, Cynthia Gilmore, ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On January 9, 2023, petitioner paid the $5 filing fee. [Doc. 5]. Petitioner is a federal inmate who is housed at SFF Hazelton in Bruceton Mills, West Virginia, and is challenging the BOP's application of her First Step Act time credits to her projected release date. On March 9, 2023, the respondent filed a response seeking dismissal of the petition, which this Court construed as a motion to dismiss or, in the alternative, motion for summary judgment. [Doc. 12]. This Court issued a ***Roseboro*** notice, informing petitioner of her right to respond to the Motion; to date, petitioner has not filed a response. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned

recommends that the Motion to Dismiss be granted and the petition be denied and dismissed.

## II. BACKGROUND

In her petition, petitioner complains that the Bureau of Prisons ("BOP") is refusing to apply her First Step Act time credits to her projected release date; she contends that she is eligible to earn and has earned time credits under the First Step Act but that those credits are not reflected in her projected release date, listed as some time in 2033.  She states that she has filed administrative remedies at the Regional and Central Office levels but that her claims have been denied, with the Regional Director telling her that she is does not mee the criteria for First Step Act time credits at this time and the Central Office stating that the credits will not be applied because she does not have an "impending release date."  Finally, she states that she believes SFF Hazelton staff are interfering with her ability to file administrative remedies and her incoming mail.

In its response, respondents state that since the filing of the petition, an updated sentence computation sheet has been generated and provided to petitioner, indicating a projected release date, including First Step Act time credits, of July 26, 2032. Accordingly, respondents argue that the petition is now moot.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).   The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697

F.2d 1213, 1219 (4th Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *See Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

**B.**     **Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

The First Step Act allows eligible inmates to earn time credits for participation in evidence-based recidivism reduction programs.  Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation.  18 U.S.C. § 3632(d)(4)(A).  Time credits earned are applied toward time in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C).

Here, petitioner is not challenging the BOP's calculation of her earned time credits under the First Step Act; instead, she contends the BOP has failed to apply her earned

4

time credits to her *projected* release date.  In general, earned time credits are only applied for prisoners who have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).  Federal courts around the country have interpreted this section to mean that the BOP may apply time credits only once an inmate has earned enough to equal the remainder of his sentence.  *See, e.g. **Jacqueline Deniese Mills, Petitioner, v. Warden M. Starr, Respondent.***, 2023 WL 2645030, at *2 (D. Minn. Mar. 27, 2023) ("the BOP may apply such credits only when the number of credits equals the remainder of the prisoner's sentence."); ***Szanyi v. Pullen***, No. 3:22-CV-1253 (KAD), 2023 WL 1108469, at *2 (D. Conn. Jan. 30, 2023); ***Lallave v. Martinez***, 609 F. Supp. 3d 164, 183 (E.D.N.Y. 2022), *reconsideration denied*, No. 22-CV-4136 (NGG), 2022 WL 7578794 (E.D.N.Y. Oct. 13, 2022).  The reason for this is that until that point, these time credits can be lost.  *See* 28 C.F.R. §§ 523.43; 541.3.  However, petitioner in this case seeks only to have the credits applied to her *projected* release date, i.e. to have her projected release date from the BOP reflect her earned First Step Act time credits.  In its response, the respondents state that on February 28, 2023, petitioner was provided an updated sentence computation sheet with a projected release date of July 26, 2032; this projected release date reflects petitioner's First Step Act time credits.  [Doc. 11 at 1].  The BOP website likewise reflects petitioner's projected release date is July 26, 2032.  Accordingly, it appears petitioner has already received the requested relief and her claims are now moot.

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  *See **Powell v. McCormick***, 395 U.S. 486, 496 (1969).  If developments occur during the course of a case which render the Court unable to grant

a party the relief requested, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698–699 (3d Cir. 1996). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973). Here, it appears there is no viable legal issue left to resolve and the Court should dismiss the petition as moot.

Finally, the undersigned notes that in Ground Four of her petition, petitioner complains that she believes staff at SFF Hazelton are interfering with her administrative remedy process. In the context of the other claims in the petition, which include complaints about exhaustion in relation to updating her projected release date, as well as the relief requested in the petition pertaining only to her projected release date, it appears that Ground Four is simply an argument in favor of excusing any failure to exhaust administrative remedies and not an independent ground for habeas relief. Accordingly, this ground should be dismissed for the same reasons as set forth above.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 11**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  May 18, 2023.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE